**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BISHNU MAYA GURUNG,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>        Respondent. | No.   20-71535<br><br>Agency No. A096-874-486<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 4, 2021**
Seattle, Washington

Before: CHRISTEN and BENNETT, Circuit Judges, and FRIEDMAN,*** District
Judge.

Bishnu Maya Gurung, a native and citizen of Nepal, seeks review of a

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Paul L. Friedman, United States District Judge for the
District of Columbia, sitting by designation.

decision of the Board of Immigration Appeals (BIA) dismissing her appeal from an Immigration Judge's (IJ) order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

We review the agency's legal determinations de novo and factual findings for substantial evidence. *Singh v. Holder*, 656 F.3d 1047, 1051 (9th Cir. 2011). We will uphold the agency's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Tampubolon v. Holder*, 610 F.3d 1056, 1059 (9th Cir. 2010). When making credibility determinations, IJs are accorded "substantial deference" because they "are in the best position to assess demeanor and other credibility cues that we cannot readily access on review." *Shrestha v. Holder*, 590 F.3d 1034, 1041–42 (9th Cir. 2010). "[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination." *Id.* at 1041.

1. IJs must "provide 'specific and cogent reasons' in support of an adverse credibility determination." *Id.* at 1043 (citation omitted). "When an inconsistency is cited as a factor supporting an adverse credibility determination, that inconsistency should not be a mere trivial error such as a misspelling . . . ." *Id.* at 1044. Here, the IJ identified three specific and cogent reasons to support the adverse credibility determination: (1) petitioner unreasonably failed to testify

2

concerning a serious incident of harm that she had included in her declaration; (2) petitioner implausibly testified that although she was extremely politically active in Nepal, she was not politically active at all in the United States; and (3) while testifying, petitioner frequently failed to directly respond to questions and tended to give evasive and nonresponsive answers.

First, the inconsistency identified by the IJ was not trivial. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005) (collecting examples of "non-material, trivial" inconsistencies). The incident that petitioner excluded from her testimony significantly corroborates her testimony about other incidents of harm, and petitioner included it in her declaration. The fact that petitioner's omission weakened her claim does not preclude the IJ from considering it in the credibility determination. *See id.* at 1065. Second, the IJ properly considered the plausibility of petitioner's testimony regarding her political activity and found it implausible that petitioner testified that she was extremely politically active in Nepal, while not engaging in any political activity in the United States. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1008 (9th Cir. 2017) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)) (stating that IJs may base a credibility determination on "the inherent plausibility of the applicant's or witness's account"). Third, the IJ provided a "cogent explanation of the specific aspects of the petitioner's demeanor that detracted from . . . her credibility." *Lizhi Qiu v. Barr*, 944 F.3d 837, 843 (9th

3

Cir. 2019). We conclude that substantial evidence supports the IJ's adverse credibility finding.

2. "To qualify for asylum, a petitioner must establish that he or she . . . 'is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, [his or her] country because of persecution or a well-founded fear of persecution on account of' a protected ground." *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010) (citations omitted). In the absence of petitioner's credible testimony, we conclude that the remaining evidence in the record, including a doctor's letter and a declaration from petitioner's mother, is insufficient for petitioner to meet her burden of establishing past persecution or a well-founded fear of future persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006); *Garcia v. Holder*, 749 F.3d 785, 792 (9th Cir. 2014).

3. "To demonstrate eligibility for withholding of removal, the petitioner must show a clear probability of the threat to life or freedom if deported to his or her country of nationality." *Lianhua Jiang*, 754 F.3d 733, 740 (9th Cir. 2014) (citation and internal quotation marks omitted). "The clear probability standard is more stringent than the well-founded fear standard for asylum." *Id.* (citation omitted). Because petitioner cannot meet her burden for asylum, she similarly cannot meet her burden for withholding of removal. *See id.*

4.    To be eligible for CAT protection, petitioner must "establish that it is more likely than not that . . . she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). In the absence of petitioner's credible testimony, we conclude that the remainder of the evidence in the record—including country reports and a declaration from petitioner's mother—is "insufficient to compel the conclusion that *Petitioner* would be tortured if returned" to Nepal. *Lianhua Jiang*, 754 F.3d at 740 (emphasis in original).

**PETITION DENIED.**